UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI NEY,

                  Plaintiff,                         Case No. 19-13217

          v.                                  Hon. George Caram Steeh

LENAWEE MEDICAL
CARE FACILITY,

                  Defendant.
_____/

OPINION AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS (ECF NO. 9)

      Defendant, Lenawee Medical Care Facility, seeks dismissal of

Plaintiff's complaint.  Pursuant to L.R. 7.1 and Administrative Order 20-AO-

021, the court will determine the motion on the papers submitted.

BACKGROUND FACTS

      Lenawee Medical Care Facility ("LMCF") is a long-term care facility

run by the Lenawee County Department of Social Services.  Plaintiff Teri

Ney was employed by LMCF as an Activities Coordinator from 2016 until

her termination on April 29, 2018.  ECF No. 1 at ¶ 5.  As Activities

Coordinator, Ney assisted in programming for elderly residents.  *Id.* at ¶ 6.

She also transported residents within the facility and delivered mail.  *Id.*

On April 29, 2018, Ney entered the room of an elderly resident with dementia and believed that she observed another resident sexually abusing her.  *Id.* at ¶¶ 7, 9.  Ney reported the abuse to the certified nurse assistant on duty, the nurse in charge, a social worker/supervisor, and the human resources director.  *Id.* at ¶ 9.  According to the complaint, healthcare workers are required to report the abuse of a patient under Michigan law.  *Id.* at ¶ 16.  LMCF accused Ney of lying about the abuse. *Id.* at ¶ 11.  Ney alleges that LMCF did not report the abuse to the Michigan Bureau of Community and Health Systems.  Ney contends that she was terminated for reporting the sexual abuse within LMCF.  *Id.* at ¶ 19.

Ney asserts a cause of action for First Amendment retaliation, alleging that she was terminated as a result of speaking on an issue of public concern.  LMCF seeks dismissal of Ney's claim, arguing that she did not engage in activity protected under the First Amendment.

LAW AND ANALYSIS

I.   <u>Standard of Review</u>

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim.  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level"

and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

In general, the court does not consider matters outside the complaint when assessing whether the plaintiff has stated a claim.  *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).  If the court considers materials outside of the complaint, it must ordinarily treat the motion as one for summary judgment.  *Id.*  However, the court may consider exhibits attached to the complaint, public records, and exhibits that are "referred to in the complaint and central to the claims contained therein" without converting a motion to dismiss to a motion for summary judgment.  *Id.*

## II.   First Amendment Retaliation

It is "well settled" that "a state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression."  *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006)

(quoting *Connick v. Myers*, 461 U.S. 138, 142 (1983)).  However, a public employee's First Amendment rights are more limited than those of an ordinary citizen, because "government offices could not function if every employment decision became a constitutional matter."  *Connick*, 461 U.S. at 143.  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  *Garcetti*, 547 U.S. at 421.

The elements of a First Amendment retaliation claim are (1) the plaintiff engaged in constitutionally protected conduct; (2) defendant took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated by the protected activity.  *See Lucas v. Monroe Cty.*, 203 F.3d 964, 973 (6th Cir. 2000).  In order to state a claim that she engaged in protected conduct, a public employee such as Plaintiff must allege that she (1) spoke on a "matter of public concern"; (2) spoke "as a private citizen and not as an employee pursuant to [her] official duties"; and (3) "that [her] speech interest outweighs 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs

through its employees.'"  *Mayhew v. Town of Smyrna, Tenn.*, 856 F.3d 456, 462 (6th Cir. 2017).

Defendant primarily argues that Ney did not engage in protected activity because her report of sexual abuse was done pursuant to her official duties, not as a private citizen.  Whether a public employee has engaged in protected conduct is a question of law.  *Id.* at 463-64.  As the Sixth Circuit has noted, however, "[d]etermining whether an employee speaks as a private citizen or as a public employee can be challenging." *Id.* at 464.  The Supreme Court has not articulated a "comprehensive framework for defining the scope of an employee's duties in cases where there is room for serious debate"; rather, the "proper inquiry is a practical one."  *Garcetti*, 547 U.S. at 424.  In assessing an employee's statement, the court considers its content and context, including "the speech's impetus; its setting; its audience; and its general subject matter."  *Mayhew*, 856 F.3d at 464.  "Relevant considerations include whether the statements were made to individuals 'up the chain of command,' and whether the content of the speech is 'nothing more than the quintessential employee beef: management has acted incompetently.'"  *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 540-41 (6th Cir. 2012).  The "critical question" is "whether the speech at issue is itself ordinarily within the scope

of an employee's duties." *Mayhew*, 856 F.3d at 464 (quoting *Lane v. Franks*, 573 U.S. 228, 240 (2014)).

Although this "critical question" is one of law, it is inherently fact-driven and is more suitably answered here based upon a full record, rather than by reference to the complaint.  Implicitly acknowledging this, both parties have submitted materials outside of the pleadings for the court's consideration.  Defendant has attached Ney's job description, LMCF's personnel policies, and materials from Ney's personnel file, including documents reflecting her training history.  *See* ECF No. 9-1.  Defendant contends that because Ney was a public employee, her personnel records are public records that the court may consider when ruling on a Rule 12(b)(6) motion.  Ney has also attached a declaration and other documents to her response, but argues that these materials should be considered by the court in the context of a Rule 56 motion, which is premature because the parties have not conducted discovery.[1]

Although Defendant cites authority for the proposition that a public employee's personnel file is a public record subject to disclosure under

---

[1] Ney has not articulated, however, what specific discovery is needed regarding her job duties.  *See* Fed. R. Civ. P. 12(f); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-21 (6th Cir. 2004).

Michigan law,[2] it does not cite authority demonstrating that courts have routinely considered such personnel files in the context of a Rule 12(b)(6) motion.  "[I]n order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts [in public records] which are not subject to reasonable dispute."  *Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005)).  *See also Bebry v. ALJAC LLC*, 954 F. Supp. 2d 173, 176 (E.D.N.Y. 2013) ("[C]ourts that consider matters of public record in a Rule 12(b)(6) motion are limited to things such as statutes, case law, city charters, city ordinances, criminal case dispositions, letter decisions of government agencies, published reports, records of administrative agencies, or pleadings in another action."); *Croci v. Town of Haverstraw*, 175 F. Supp. 3d 373, 381 (S.D.N.Y. 2016) (consideration of public records "does not mean that the courts may take as true any statement found in any document that a party asserts to be public").

In light of this authority, the court declines to consider the materials submitted by Defendant under a Rule 12(b)(6) standard, because they are not the type of public records that the court may presume to be accurate

---

[2] *See Bradley v. Saranac Cmty. Sch. Bd. of Educ.*, 455 Mich. 285 (1997) (personnel records of public school teachers and administrators are public records under Michigan FOIA).

and are not subject to reasonable dispute.  These materials are clearly

relevant to the question before the court – whether Ney's speech was done

pursuant to her ordinary job duties.[3]  Accordingly, the court will treat

Defendant's motion as a motion for summary judgment under Rule 56.

*See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c),

matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule

56.").  The parties will be "given a reasonable opportunity to present all the

material that is pertinent to the motion."  *Id.*

## CONCLUSION

The court will rule on Defendant's motion after the parties have been

given the opportunity to submit supplemental briefs.  Plaintiff shall file a

supplemental response brief, of no more than 25 pages, within 21 days of

the date of this order.  Plaintiff's response shall be limited to the issue of

whether Ney's report of sexual abuse was made as part of her official job

duties.  Defendant may file a supplemental reply brief, addressing the same

---

[3] Defendant also argues that Ney was not terminated as a result of her speech.  Viewing the facts in the light most favorable to Ney, she has sufficiently alleged that she was terminated because of her report of sexual abuse.  Although the scope of Ney's job duties may be determined by the court as a matter of law, the issue of causation is not similarly amenable to such a determination at this stage of the proceedings.  *See Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018) ("[U]sually, the question of causation is a factual issue to be resolved by a jury.").

issue, of no more than 7 pages, within 14 days of the filing of Plaintiff's

response.

SO ORDERED.

Dated:  April 27, 2020                    s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 27, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

!